**Nery PADIN, Plaintiff,**

v.

**FORDHAM HOSPITAL et al.,
Defendants.**

**No. 73 Civ. 178.**

United States District Court,
S. D. New York.

Jan. 14, 1975.

New York Civil Liberties Union, Levy, Gutman, Goldberg & Kaplan, New York City by Jeremiah S. Gutman, New York City, of counsel, for plaintiff.

Adrian P. Burke, Corp. Counsel, by Jack Cherrill, Mark S. Silberglitt, New York City, of counsel, for defendants.

## OPINION and ORDER

KEVIN THOMAS DUFFY, District Judge.

Defendants have moved to dismiss the complaint herein on the ground that it does not state a cause of action upon which relief may be granted. Fed.R. Civ.P. 12(b)(6).

The operative facts are relatively simple. Plaintiff is a married woman with seven children. In May of 1972, in order to have the Caesarean birth of her seventh child, she entered Fordham Hospital, which is a public hospital funded and controlled by the City and State of New York. At that time plaintiff and her husband requested that the doctors also perform a tubal ligation which would sterilize her. Apparently, the hospital agreed to do so. According to the complaint, the sterilization procedure was not done at the time since "John Doe", the anesthesiologist "refused to assist in the operation . . . because he was a Roman Catholic and the performance of a tubal ligation was contrary to his religious beliefs."

Thereafter, in September of 1972, the plaintiff was readmitted to Fordham Hospital and the tubal ligation was performed on September 20, 1972.

Plaintiff claims that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, and Title 42 U.S.C. § 1983. She

claims damages in the amount of $250,000 because the failure of the hospital to perform the tubal ligation in May 1972, deprived her of her constitutional rights in that defendants:

a. Invaded plaintiff's right of privacy and liberty in matters relating to marriage, family, sex and the right of every individual to control of her own person as guaranteed by the First, Fifth, Ninth, and Fourteenth Amendments to the Constitution;

b. Placed plaintiff in a precarious situation with regard to her life and liberty, without due process of law, in violation of the Fifth and Fourteenth Amendments, in that she might have become pregnant against the wishes of herself and her husband;

c. Deprived plaintiff of safe, speedy and adequate medical care on the basis of religious beliefs of others in violation of the First Amendment guarantee against establishment of religion;

d. Deprived plaintiff of the right to the same safe, speedy and adequate medical care available to a person of greater financial means, in violation of the constitutional guarantee of equal protection of the laws;

e. Constituted cruel and unusual punishment in violation of the Eighth Amendment in that it exposed her to the daily fear of an unwanted pregnancy;

f. Deprived plaintiff of the basic right of a woman to choose whether or not to bear children as guaranteed by the Fifth, Eighth, Ninth and Fourteenth Amendments.

The plaintiff has also pleaded as a "pendant claim" the loss of her dentures during the Caesarean section in May 1972.

It should be noted that in May 1972, there was no state or local statute or rule which prohibited sterilization nor even a public hospital "policy" which prevented the sterilization of plaintiff. Thus the cases relied upon by plaintiff are totally inapposite. See, e. g., McCabe v. Nassau County Medical Center, 453 F.2d 698 (2d Cir. 1971) (policy concerning sterilization); Hathaway v. Worcester City Hospital, 475 F.2d 701 (1st Cir. 1973) (policy concerning sterilization); Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (statute prohibiting sale, etc., of contraceptives).

The issue in this case, most simply put, is whether the plaintiff had a constitutional right to be sterilized at public expense on the particular day which she chose or whether the public hospital had the right to schedule the operation for sterilization at a time when the appropriate personnel would be available. So stated, the answer is obvious.

 Plaintiff's constitutional rights clearly were not violated. A public hospital may not be able constitutionally to maintain a policy of refusing to perform tubal ligations (McCabe v. Nassau County Medical Center, *supra*), but it surely is able to schedule tubal ligations at its convenience so long as such scheduling does not operate to effectively establish a policy of not performing such procedures. There is no allegation here that the hospital or its officials followed a practice of assigning performance of tubal ligations to doctors in such a way that the hospital had effectively adopted a practice of refusing to perform tubal ligations. Plaintiff may have a state contract claim against the hospital because of its failure to perform the operation at the agreed time, but that failure does not rise to the dimension of a constitutional claim. The "pendant" claim must also fall.

Complaint dismissed.

So ordered.