Glen L. RUTHERFORD, Individually and on behalf of a class composed of terminally ill cancer patients, Plaintiffs-Appellees,

v.

UNITED STATES of America, Joseph A. Califano, Secretary of Health, Education and Welfare, Donald Kennedy, Commissioner of the Food and Drug Administration, et al., Defendants-Appellants.

No. 77–2049.

United States Court of Appeals, Tenth Circuit.

Feb. 19, 1980.

Rehearing Denied April 28, 1980.

See also 424 F.Supp. 105; 429 F.Supp. 506.

Barry Grossman, Atty., Dept. of Justice, Washington, D. C. (John H. Shenefield, Asst. Atty. Gen., Catherine G. O'Sullivan, Peter L. De La Cruz, Atty., Dept. of Justice, Washington, D. C., Richard M. Cooper, Chief Counsel, Eugene M. Pfeifer, Associate Chief Counsel for Enforcement, Food and Drug Division, Dept. of Health, Education, and Welfare, Rockville, Md., of counsel, and Arnold I. Friede, Asst. Chief Counsel for Enforcement, Food and Drug Division, Dept. of Health, Education, and Welfare, Washington, D. C., with him on brief), for defendants-appellants.

Kenneth Ray Coe of Hunt, Thomas, Dawson & Gile, Oklahoma City, Okl. (Kirkpatrick W. Dilling of Dilling, Dilling & Gronek, Chicago, Ill., Dennis M. Gronek and Robert E. Armstrong, Chicago, Ill., of counsel, with him on brief on remand), for plaintiffs-appellees.

Charles F. Wheatley, Jr., William T. Miller, and Robert A. O'Neil of Wheatley &

Miller, Washington, D. C., and Grace Powers Monaco of Fairman, Frisk & Monaco, Washington, D. C., on brief, for amicus American Cancer Society, Inc.

Before SETH, Chief Judge, BARRETT and McKAY, Circuit Judges.

SETH, Chief Judge.

The case was remanded by the Supreme Court by *United States v. Rutherford*, 544 U.S. 442, 99 S.Ct. 2470, 61 L.Ed.2d 68, with a reversal of our *Rutherford v. United States*, 582 F.2d 1234 (10th Cir.).

We had held that there was no measure or standard to permit the application of the "effective" requirement in the statute as to Laetrile as a cancer treatment by injection with a doctor's recommendation for the terminally ill patient.

The Supreme Court in its opinion held that the "effectiveness" provision of the Act did apply regardless of whether the patient was terminally ill or not. The Court also refers to those persons who have in the past (since 1907) advanced "simple and painless cures for cancer, including, lineaments of turpentine, mustard, oil, eggs, and ammonia; peatmoss; arrangements of colored floodlamps; pastes made from glycerin and limburger cheese; mineral tablets; and 'Fountain of Youth' mixtures of spices, oil, and suet." The "effectiveness" of Laetrile as a *treatment* is to be demonstrated, and to be applied to those for whom no cure is presently available.

Thus there can be no exceptions for the terminally ill; the "effectiveness" standard is so established, and we so recognize. The issues on remand are thus the application of the grandfather clauses in the two statutes, and the constitutional right of privacy. On remand we considered the issues on the basis of the original oral arguments and briefs, and on the briefs filed after remand.

We held in *Rutherford v. United States*, 542 F.2d 1137 (10th Cir.), that the FDA had the power to declare a substance a "new drug," citing *Weinberger v. Hynson, Westcott & Dunning*, 412 U.S. 609, 93 S.Ct. 2469, 37 L.Ed.2d 207. We also there noted that

in *Weinberger* the Court stated that such an order was reviewable. In *Rutherford*, we also stated:

> "However, the FDA has made an administrative determination that Laetrile is a new drug and this places the plaintiff in a position in which he has to admit that it is a new drug in order to get the FDA to move. As a result he could not be heard to say that they have not effectively stymied the use of this drug. The FDA has done this without citing any facts whatsoever, merely a conclusion, . . . ."

Under these circumstances we also held:

> "We are unable, however, to see how the FDA can escape the obligation of producing an administrative record to support its determination of the first and more fundamental issue that Laetrile is a new drug, for it is not a new drug merely because they say it is. Moreover, such a conclusory ruling precludes effective review under 5 U.S.C. Section 706(2)."

Also: "It seems obvious that there cannot be a court review unless there is a decent record made." The case was thus remanded to the trial court on the new drug issue for further proceedings. Hearings by the FDA were thereafter directed by the trial court.

The FDA thereafter held what it refers to as rule-making hearings and received mostly unsworn statements although some affidavits were received. This "record" of several thousand pages of such statements then went to the trial court and ultimately we reviewed it for our *Rutherford v. United States*, 582 F.2d 1234 (10th Cir.), and made some charitable remarks about it in the opinion. It must, however, be stated that our review of such a record does not necessarily mean that a similar record will again be reviewed by this court.

But as to the remaining issues, the trial court held that the petitioners had a right "to be let alone," or a constitutional right of privacy to permit them, as terminally ill cancer patients, to take whatever treatment they wished regardless of whether the FDA regarded the medication as "effective" or "safe."

■ It would serve no useful purpose to review the series of Supreme Court opinions treating the privacy issue. These include *Whalen v. Roe*, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64; *Planned Parenthood of Missouri v. Danforth*, 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788; *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446; *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147; *Doe v. Bolton*, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201; and *Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349. *See also People v. Privitera*, 23 Cal.3d 697, 153 Cal.Rptr. 431, 591 P.2d 919. It is apparent in the context with which we are here concerned that the decision by the patient whether to have a treatment or not is a protected right, but his selection of a particular treatment, or at least a medication, is within the area of governmental interest in protecting public health. The premarketing requirement of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355, is an exercise of Congressional authority to limit the patient's choice of medication. This is clear under the decisions referred to above.

■ The use of Laetrile is sought to be prevented because in the opinion of the Commissioner the proponents have not met the burden imposed by the agency procedures and by the statute to fulfill the premarketing requirements. These standards are impressive, but they can be, and are regularly met by the pharmaceutical houses.

It is apparent from the record that the proponents did not conduct the research and the laboratory testing required under the prevailing procedures, and it thus must be held that they did not meet their burden. The Court in *Weinberger v. Hynson, Westcott & Dunning*, 412 U.S. 609, 93 S.Ct. 2469, 37 L.Ed.2d 207, refers to the exclusion of drugs "for which there is no affirmative, reliable evidence of effectiveness." This is a reference to these FDA procedures and to the laboratory procedures.

■ We agree with the district court that the 1938 grandfather provisions [21 U.S.C. § 321(p)(1)] are not applicable. The 1962 amendments added some new provisions. Public Law No. 87–781, § 107(c)(4), 76 Stat. 788, reads in part as follows:

"In the case of any drug which, on the day immediately preceding the enactment date [October 10, 1962], (A) was commercially used or sold in the United States, (B) was not a new drug as defined by section 201(p) of the basic Act as then in force, and (C) was not covered by an effective application under section 505 of that Act, the amendments to section 201(p) made by this Act shall not apply to such drug when intended solely for use under conditions prescribed, recommended, or suggested in labeling with respect to such drug on that day."

It is apparent from the above quotation that the several requirements of the 1962 amendments are not in the alternative, but instead each must be met. It is also apparent that with the folk medicine aspect of the use of Laetrile the several requirements cannot be met. This is especially so as to the consistent labeling requirements since October of 1962. The record also demonstrates, not unexpectedly, that there has not been the consistency in the formula which the FDA requires under its current practice. In short, the record does not support a conclusion that the several conditions in Pub.L. 87–781 have been met to permit the application of the grandfather exceptions. In *United States v. Allan Drug Corporation*, 357 F.2d 713 (10th Cir.), a condemnation case, we considered the 1962 amendments. We there said: "Since we are dealing with a Grandfather Clause exception, we must construe it strictly against one who invokes it."

Our mandate previously issued is recalled; the judgment of the district court is reversed, and the case remanded.