616 F.2d 1120
 Michael O. CARNOHAN et al., Appellants,
v.
UNITED STATES of America, and Joseph A. Califano, Secretary
of Health, Education and Welfare, Griffin H. Bell, U. S.
Attorney General, the State of California, Dr. Jerome A.
Lackner, Calif. Director of Public Health, The Calif.
Department of Public Health, and all John Doe District
Attorneys of the State of California, and all John Doe City
Attorneys of the State of Calif., Appellees.
 No. 77-2899.
 United States Court of Appeals,
Ninth Circuit.
 April 7, 1980.
 
 Michael O. Carnohan, pro se.
 Charles R. McConachie, Dept. of Justice, Washington, D. C., for appellees.
 Appeal from the United States District Court for the District of Southern California.
 Before KILKENNY* and GOODWIN, Circuit Judges, and KELLEHER**, District Judge.
 PER CURIAM.
 
 
 1
 Michael Carnohan brought a declaratory proceeding to secure the right to obtain and use laetrile in a nutritional program for the prevention of cancer. The district court held that the controversy properly fell within the primary jurisdiction of the federal and state administrative agencies charged with evaluating new drug applications and therefore dismissed the action. We affirm.
 
 
 2
 When Congress passed the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 to 392, in 1938, it established administrative machinery regulating the marketing of new drugs. The act "rests upon the constitutional power resident in Congress to regulate interstate commerce. To the end that the public health and safety might be advanced, (the act) seeks to keep interstate channels free from deleterious, adulterated and misbranded articles of the specified types." United States v. Walsh, 331 U.S. 432, 434, 67 S.Ct. 1283, 1284, 91 L.Ed. 1585 (1947). The Commissioner of the Food and Drug Administration has found that laetrile is a "new drug" subject to premarketing approval under the act, 42 Fed.Reg. 39,768-39,795 (1977); see United States v. Rutherford, 442 U.S. 544, 99 S.Ct. 2470, 61 L.Ed.2d 68 (1979). Since this determination is properly within the FDA's primary jurisdiction, Weinberger v. Hynson, Wescott & Dunning, Inc., 412 U.S. 609, 624-627, 93 S.Ct. 2469, 2480-2481, 37 L.Ed.2d 207 (1973), the appropriate course for Carnohan to take if he wishes to rest on the claim that laetrile is not a "new drug" is to challenge the Commissioner's ruling under the Administrative Procedure Act, 5 U.S.C. §§ 701-706. See id. at 627, 93 S.Ct. at 2481.
 
 
 3
 An individual who wishes to introduce into interstate commerce any "new drug" must first seek approval from the Secretary of Health and Welfare, 21 U.S.C. § 355(a). If the Secretary refuses to approve the application, the individual may appeal the order by filing a petition in a court of appeals, 21 U.S.C. § 355(h).
 
 
 4
 Carnohan has not filed a new drug application with the FDA, 21 U.S.C. § 355(a), or the California State Department of Health Services, Cal.Health & Safety Code § 1707.1, § 26670. The heart of his complaint is that the state and federal regulatory schemes which require such filing are so burdensome when applied to private individuals as to infringe upon constitutional rights.
 
 
 5
 We need not decide whether Carnohan has a constitutional right to treat himself with home remedies of his own confection. Constitutional rights of privacy and personal liberty do not give individuals the right to obtain laetrile free of the lawful exercise of government police power. Rutherford v. United States, 616 F.2d 455 (10th Cir. 1980) (on remand); People v. Privitera, 23 Cal.3d 697, 153 Cal.Rptr. 431, 591 P.2d 919, cert. denied, --- U.S. ----, 100 S.Ct. 419, 62 L.Ed.2d 318 (1979). Carnohan has failed to show that government regulation of laetrile traffic bears no reasonable relation to the legitimate state purpose of protecting public health. His claim that the requirements of state and federal law deny him due process are premature since he has not availed himself of the procedures which those laws afford. The FDA and the California State Department of Health Services have primary jurisdiction to determine whether persons may traffic in new drugs. If Carnohan wishes to obtain laetrile, he must exhaust his administrative remedies before seeking judicial relief.
 
 
 6
 Because the tendered class was never certified and because we are affirming a judgment of dismissal, we do not reach the question whether Carnohan could have adequately protected the interests of the class he sought to represent.
 
 
 7
 Affirmed.
 
 
 
 *
 After argument and before decision, The Honorable Shirley M. Hufstedler resigned to accept appointment as Secretary of the Department of Education. The panel subsequently was reconstituted to include The Honorable John F. Kilkenny, Senior United States Circuit Judge
 
 
 **
 Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation