Barbara KULSAR, Diane Yackle, Michelle Munro, Walter Schewtschuk, Stasia Schewtschuk, Betty Keeton, Vera Muerle, and Beverly Stalker, Plaintiffs,

v.

Gordon M. AMBACH, Commissioner of Education of the State of New York; New York State Board of Regents; State Board for Professional Medical Conduct; Jerome Ditkoff, D.O.; Lawrence Ames, M.D.; William Heyden, M.D.; David Sherman, M.D.; Robert Briber, and Marshall Grauer, Esq.; individually and as members of the State Board for Professional Medical Conduct; David Axelrod, M.D.; Commissioner of Health of the State of New York; Robert B. Abrams, Attorney General of the State of New York; and Douglas K. McGivney, Esq., Designee of the Attorney General, Defendants.

No. CIV–84–932E.

United States District Court,
W.D. New York.

Dec. 21, 1984.

Jeffrey A. Lazroe, Buffalo, N.Y., for plaintiffs.

Peter B. Sullivan, Asst. Atty. Gen., Buffalo, N.Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

In this action under 42 U.S.C. § 1983 seeking injunctive relief as well as a declaration that certain laws of the State of New York unconstitutionally prohibit plaintiffs' physician from administering to them a "nutritional-hormonal" treatment for hypoglycemia, plaintiffs have moved for a preliminary injunction and defendants Ambach, Axelrod, Abrams and the New York State Board of Regents ("the Board") have moved to dismiss the Complaint or, alternatively, for summary judgment.[1]

---

**1.** Although defendants' motion papers refer to Fed.R.Civ.P. rule 54 rather than rule 56, it is clear that they are moving for summary judg-

Plaintiffs have alleged that they are residents of Erie County, N.Y., "who wish to avail themselves of medical treatment for hypoglycemic disorders from Dr. Raymond L. Moreland." Complaint, at page 2. It is further alleged that defendants' acts and policies have made it impossible for certain plaintiffs suffering from various afflictions to receive "professional services of a preventive-nutritional oriented doctor specializing in vitaminal, nutritional and adrenal-cortical hormonal therapy." *Ibid.*

Although the Complaint is somewhat ambiguous, it appears that it contains two distinct claims—namely, (1) that plaintiffs' constitutional privacy rights have been infringed due to the allegedly improper removal by defendants of Moreland's license to practice medicine; and (2) that their right to choose medical treatment of their choice has been violated by defendants' ban upon the treatment of hypoglycemia by utilization of a "nutritional, vitamin, adrenal-cortical and hormonal approach to treatment." (Complaint, at page 4).

Defendants have asserted that there is currently pending before New York's Appellate Division, Third Department, a review of the Board's determination that had revoked Moreland's license, that Moreland's motion for a stay of the revocation order had been denied by the Appellate Division July 23, 1984 and that plaintiffs lack standing to assert any claim based upon any alleged violation of the rights of Moreland. Defendants have correctly stated that Moreland's license had not been revoked by the Board primarily due to his treatment of patients with substances such as raw adrenal cortex extract ("a.c.e.") and laetrile, but due to his failure to have examined and diagnosed patients properly, to have evaluated tests properly, his ordering of unnecessary tests and his demonstrated poor judgment and incompetence in the practice of medicine. *See Report of Hearing Committee,* annexed as exhibit C to the September 12, 1984 affidavit of Peter B. Sullivan.

This Court agrees with defendants' position that, in view of the pending stateside appeal of the revocation of Moreland's license, it would be inappropriate for this Court to consider plaintiffs' claim that Moreland's license had been arbitrarily and capriciously removed due to his rendering to them of an unorthodox medical treatment. Moreland's entitlement *vel non* to practice medicine in the State of New York has been and is being addressed by proper stateside proceedings. This Court would not and properly could not permit Moreland presently to challenge herein the correctness of the stateside administrative or judicial proceedings and plaintiffs lack standing to assert before this Court that the removal of Moreland's license is improper. Plaintiffs' request for a preliminary injunction permitting Moreland to administer to them the adrenal-cortex treatment during the pendency of the stateside appeal must be denied due to the absence of a valid claim before this Court.

In addition, it is clear that plaintiffs' claim of a constitutional right to receive the a.c.e. treatment must be dismissed. Plaintiffs' counsel's September 21, 1984 affidavit indicates that Moreland's treatment of plaintiffs, including the use of a.c.e., has relieved their symptoms and that, since the revocation of Moreland's license and the absence of treatments, their conditions have deteriorated. However, it is further averred in such affidavit that in January 1978 the federal Food and Drug Administration ("the FDA") had ordered a.c.e. removed from the marketplace, having found that it was obsolete, and had reclassified it as a new drug requiring testing prior to readmission to the market. Counsel's affidavit also states that no other physician known to plaintiffs now provides a.c.e. treatments and that a California entity has applied to the FDA for permission to test the effectiveness of a.c.e., thereby changing the status of a.c.e. from "new drug" to "investigative new drug." Assuming that these assertions are accurate, plaintiffs'

ment under the latter provision and plaintiffs

have recognized such in their opposition papers.

claim of a constitutional right to a.c.e. treatment must still be dismissed.

 Although it has been held that the decision by a patient "whether to have a treatment or not is a protected right," her or his "selection of a particular treatment, or at least a medication, is within the area of governmental interest in protecting public health." *Rutherford v. United States*, 616 F.2d 455, 457 (10th Cir.), *cert. denied*, 449 U.S. 937, 101 S.Ct. 336, 66 L.Ed.2d 160 (1980) (a laetrile case). The constitutional right of privacy does not give individuals the right to obtain a particular medical treatment "free of the lawful exercise of government police power." *Carnohan v. United States*, 616 F.2d 1120, 1122 (9th Cir.1980).

In the case at bar, plaintiffs have not named the FDA as a defendant, have not alleged that the FDA's removal of a.c.e. from the market had been in any way improper, or that there has been any inordinate delay or impropriety with respect to the FDA's processing of the California entity's application to test a.c.e.'s effectiveness. Moreover, plaintiffs have not alleged that they, Moreland or anyone else has made an application to New York's Commissioner of Education or its Commissioner of Health pursuant to section 6817 of New York's Education Law in order to be permitted to utilize or sell a.c.e. as a drug within this state. Plaintiffs' conclusory allegations that defendants' application of New York's Education Law and Public Health Law has infringed their right to a.c.e. treatment fail to state a claim upon which relief may properly be granted by this Court in the absence of allegations that plaintiffs have exhausted their administrative remedies by availing themselves of the procedures which those laws afford. *See Carnohan v. United States, supra*, at 1122.

For these reasons, plaintiffs' motion for a preliminary injunction will be denied and the motion of defendants Ambach, Axelrod, Abrams and the Board for summary judgment will be granted.

Accordingly, it is hereby

ORDERED that plaintiffs' motion for a preliminary injunction is denied; and it hereby further

ORDERED that the motion of defendants Ambach, Axelrod, Abrams and New York State Board of Regents for summary judgment of dismissal is granted, without prejudice.