■ In the Matter of VICTOR BRINDISI, Appellant, et al., Petitioner, v UNIVERSITY HOSPITAL, Respondent.—In a proceeding pursuant to CPLR article 78 and 42 USC § 1983, *inter alia,* to review a determination of the respondent denying the petitioner Arain Nawaz access to certain equipment, the petitioner Brindisi appeals from a judgment of the Supreme Court, Suffolk County (Jones, J.), dated March 11, 1987, which, upon the respondent's cross motion to dismiss for failure to state a cause of action, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner Brindisi, a patient of Dr. Arain Nawaz, a gastroenterologist with privileges at the respondent University Hospital, State University of New York at Stony Brook (hereinafter University Hospital), a public teaching hospital, commenced this proceeding challenging the hospital's determination denying Dr. Nawaz access to the Gastrointestinal Endoscopy Unit's newly acquired laser equipment. By a proceeding pursuant to the Public Health Law *(see,* Public Health Law §§ 2801-b, 2801-c) Dr. Nawaz has similarly contested the hospital's refusal to extend his privileges to encompass the use of this equipment for the performance of innovative laser therapy upon his patients; that proceeding is not the subject of this appeal.

Mr. Brindisi is 87 years of age and has been under Dr. Nawaz's medical care since June of 1984, having recently been diagnosed as having a large villous adenoma in the distal cecum. Dr. Nawaz had determined that this condition requires that Mr. Brindisi undergo a trancolonoscopic laser ablation; this innovative therapy requires the use of the laser equipment. It is alleged that the nature of Mr. Brindisi's condition is such that the requisite laser therapy should only be administered in a hospital. It is further alleged that "[b]ecause of Mr. Brindisi's advanced age and his special confidence and trust in the treatment and care which he has received from Dr. Nawaz over the years, as well as his knowledge of Dr. Nawaz's reputation as a pioneer and skilled practitioner in the type of laser treatment which he now needs, Mr. Brindisi's psychological and physical well-being would be jeopardized if he is to be required to have someone other than Dr. Nawaz administer the requisite laser treatment".

The hospital's refusal to extend Dr. Nawaz's privileges results from its policy of "limiting the use of the laser equipment to a small number of faculty members who are heavily involved in [its] teaching program", thereby minimizing the risks inherent in the procedure, which "require[s] very special expertise" and promoting "the continuing needs of [its] teaching program".

Brindisi's challenge to University Hospital's determination is asserted pursuant to CPLR article 78, section 1983 of the Civil Rights Act of 1964 (42 USC § 1983) and what he terms a patient's Federal and State constitutional and common-law rights to "liberty" and "privacy". Brindisi sought to obtain for Nawaz "the right to use the laser equipment for the treatment of his patients at the University Hospital, including petitioner Brindisi".

Special Term dismissed the petition, holding that the pleadings failed to support Brindisi's constitutional and common-law rights arguments. We agree, and, accordingly, affirm.

At the outset, we address Brindisi's claim pursuant to CPLR article 78. In this regard, he alleges that "[t]he University Hospital's refusal to allow Dr. Nawaz the use of the laser equipment so that he may fully and properly treat his patients, including Brindisi, is arbitrary and capricious". In support of his claim, Brindisi alleges that he "wishes to be immediately admitted to the University Hospital so that Dr. Nawaz can commence this treatment".

Whether a party seeking relief is a proper party to challenge administrative action is an aspect of justiciability which must be considered at the outset of any litigation (*Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9). Inasmuch as Brindisi herein has failed to demonstrate that the hospital's action "will in fact have a harmful effect" upon him (*Matter of Dairylea Coop. v Walkley, supra,* at 9; *Matter of Fritz v Huntington Hosp.,* 39 NY2d 339, 346), standing may not be conferred upon him. Indeed, the injury alleged is purely speculative and insufficient to "give rise to a cognizable interest" (*Matter of MFY Legal Servs. v Dudley,* 67 NY2d 706, 708; *see, Matter of Guild of Administrative Officers of Suffolk County Community Coll. v County of Suffolk,* 126 AD2d 725), inasmuch as Brindisi has, to date, no relationship with University Hospital, having refused to be admitted thereto and to avail himself of its medical services and the laser treatment, albeit to be rendered by a physician other than Dr. Nawaz. Moreover, Brindisi seeks judicial review of an administrative

determination regarding his physician's privileges in order to vindicate his physician's rights, and, as such, is not the proper party to maintain the proceeding *(cf., Tileston v Ullman,* 318 US 44; *Jackson v New York City Health & Hosps. Corp.,* 419 F Supp 809, 813). Rather, his physician is relegated to, and has in fact invoked, the exclusive remedy provided by the Public Health Law, entailing limited review of a hospital's determination affecting a physician's rights *(see,* Public Health Law §§ 2801-b, 2801-c; *Matter of Cohoes Mem. Hosp. v Department of Health,* 48 NY2d 583; *Guibor v Manhattan Eye, Ear & Throat Hosp.,* 46 NY2d 736).

Brindisi's attempt to vindicate what he terms his constitutional and common-law rights to "liberty" and "privacy" is unavailing. While it is a firmly established principle in this State that "[e]very human being of adult years and sound mind has a right to determine what shall be done with his own body" *(Schloendorff v Society of N. Y. Hosp.,* 211 NY 125, 129), we perceive no basis, constitutional or otherwise, to extend this concept to establish what amounts to an unprecedented affirmative right, i.e., the right to countermand hospital decisions as to resource allocation and reasonable hospital objectives if they interfere at all with a patient's wishes to do as he pleases. As the Pennsylvania Supreme Court observed in rejecting a physician's claims that the restriction of his privileges at a public teaching hospital pursuant to its policy of exclusivity similar to that cited by respondent herein, denied the "corresponding right of a patient to the choice and general services of his own physician * * * there is no right of which we are aware that would permit a patient to insist on his own doctor's performance of the procedures conducted in a laboratory or other facility furnished, equipped and staffed by the Hospital" *(Adler v Montefiore Hosp. Assn.,* 311 A2d 634, 642 [Pa], *cert denied* 414 US 1131; *see, Padin v Fordham Hosp.,* 392 F Supp 447; *cf., Kulsar v Ambach,* 598 F Supp 1124).

Nor may Brindisi derive support from case law enunciating the constitutional "right to privacy" *(see, Rivers v Katz,* 67 NY2d 485; *Matter of Eichner [Fox],* 73 AD2d 431, 458, *affd* 52 NY2d 363; *Matter of Delio v Westchester County Med. Center,* 129 AD2d 1). Simply put, these cases focus upon the right " 'to be let alone' " *(Matter of Eichner [Fox], supra,* at 458, quoting from *Olmstead v United States,* 277 US 438, 478 [Brandeis, J., dissenting]) and do not warrant extension of this right to compel a hospital to accede to a potential patient's wishes to have his doctor use the hospital's equipment *(see, Jackson v New York City Health & Hosps. Corp., supra).* Accordingly, the petition

was properly dismissed. Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.