■ In the Matter of ARAIN NAWAZ, Appellant, v UNIVERSITY HOSPITAL OF STATE UNIVERSITY OF NEW YORK AT STONY BROOK, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent denying the petitioner access to certain laser equipment, the petitioner appeals from a judgment of Supreme Court, Suffolk County (Baisley, J.), entered November 7, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is a gastroenterologist. He has been a clinical faculty member with admitting and limited endoscopic privileges at the respondent, a New York State teaching hospital, since it opened in 1980. In 1986, the respondent acquired laser equipment which is used in the treatment of cancer and other gastrointestinal diseases. The petitioner requested permission to use the equipment in order to treat his patients who are admitted to the respondent and need laser treatment. His request was denied based on the needs of the respondent's teaching program. The petitioner then filed a complaint with the Public Health Council pursuant to Public Health Law § 2801-c alleging that the denial of his request by the respondent constitutes an improper practice under Public Health Law § 2801-b. The Public Health Council found no cause to credit the complaint since the action by the respondent was related to the objectives of the institution.

The petitioner then commenced this proceeding. The petition alleges three causes of action, one pursuant to CPLR article 78, one pursuant to Public Health Law § 2801-c, and one pursuant to 42 USC § 1983. The Supreme Court converted the proceeding into an application for injunctive relief under Public Health Law § 2801-c and dismissed the complaint.

Judicial review of a hospital determination pursuant to CPLR article 78 is not available to aggrieved physicians (see, Matter of Cohoes Mem. Hosp. v Department of Health, 48 NY2d 583; Matter of Brindisi v University Hosp., 131 AD2d 667) and 42 USC § 1983 does not give rise to a cognizable claim against the State University of New York (see, Davis v State of New York, 124 AD2d 420; Blanton v State Univ., 489 F2d 377). Thus, the petitioner's only remedy is an application for injunctive relief pursuant to Public Health Law § 2801-c, based upon an alleged violation of Public Health Law § 2801-b.

Public Health Law § 2801-b permits hospitals to exclude physicians from using their facilities for reasons limited to patient welfare, institutional objectives, and character or competency of the physician. The statute does not, however, authorize plenary judicial reviews of every exclusion. Consequently judicial review may assure only that the exclusion was made in good faith and on objectively reasonable grounds (see, Fried v Straussman, 41 NY2d 376, 377-378).

Although a complaint by a physician against a hospital predicated upon fraud or bad faith as a reason for exclusion from hospital privileges may survive a motion to dismiss, no facts suggesting fraud or bad faith are alleged in the petition. Certainly, such requirement is not met by the petitioner's mere allegation that "[t]he Hospital's actions constitute an arbitrary and capricious curtailment and limitation of petitioner's hospital and medical privileges" (see, Guibor v Manhattan Eye, Ear & Throat Hosp., 56 AD2d 359, 363-364, affd 46 NY2d 736).

The respondent sought to limit use of the laser equipment to a small number of faculty members in its fellowship teaching program. This policy would permit them to develop and maintain expertise in using the equipment. The petitioner's teaching activities at the respondent were very limited and his intended use of the laser equipment was not primarily for teaching purposes. These reasons, relating to the teaching objectives of the respondent, fall within the framework of Public Health Law § 2801-b. Therefore, the Public Health Council's determination that it found no cause to credit the complaint is correct, because the actions of the respondent related to the objectives of the institution. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.