962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph MITCHELL, et al., Plaintiffs-Appellees,
v.
Gary L. CLAYTON, et al., Defendants-Appellants.
 No. 90-2377.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1992.*
Decided May 11, 1992.
Order on Petition for Rehearing
June 3, 1992.
 
 Before FLAUM and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs, practitioners of acupuncture and their prospective patients, brought this civil rights action under 42 U.S.C. § 1983 to challenge the constitutionality under the fourteenth amendment of the Illinois Medical Practice Act of 1987 (the "MPA"), Ill.Rev.Stat., ch. 111 p 4400-1 et seq. The complaint alleged that the MPA's licensing provisions, which limit the practice of acupuncture to medical doctors, osteopaths and chiropractors, deprive the acupuncturists of their rights to due process and equal protection, and denies the patients of acupuncturists their right to the medical treatment of their choice. The defendants, former and present directors of the Illinois Department of Professional Regulation, and former and present members of the Illinois Medical Licensing Board, sought dismissal of the complaint on the ground of qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800 (1982). The district court thought such a dismissal was premature and ordered the parties to proceed to trial. The defendants now appeal from the denial of qualified immunity pursuant to Mitchell v. Forsyth, 472 U.S. 511 (1985).
 
 
 2
 Under Harlow, "government officials performing discretionary functions generally are shielded from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. at 818. The plaintiff has the burden of proving a "clearly established" constitutional right. Hannon v. Turnage, 892 F.2d 653, 656 (7th Cir.), cert. denied, 111 S.Ct. 69 (1990). A threshold inquiry in the determination of whether the constitutional right is "clearly established" is "whether the plaintiff has asserted a violation of a constitutional right at all." Siegert v. Gilley, 111 S.Ct. 1789, 1793 (1991).
 
 
 3
 Maguire v. Thompson, No. 90-3505 (7th Cir. Feb. 26, 1992), disposes of the acupuncturists' constitutional claims in this case. The plaintiffs there, all doctors of naprapathy, also sought to invalidate the MPA's licensing scheme, and on the same bases as here, but the statute withstood their attack. This court held that the licensing scheme was rationally related to the legitimate state purpose of protecting the public from unqualified medical practitioners, and therefore survived scrutiny under the due process and equal protection clauses of the fourteenth amendment. Id., slip op. at 5. In light of this holding, the acupuncturists fail to state a claim for the violation of their constitutional rights.
 
 
 4
 The prospective patients of the acupuncturists fare no better. They rely on Andrews v. Ballard, 498 F.Supp. 1038 (S.D.Tex.1980), to assert a denial of "a constitution right, encompassed by the right of privacy, to decide to obtain acupuncture treatment." Id. at 1057. Andrews, however, has not garnered a following, and the prevailing view is that the right to privacy does not include the right to select a particular medical treatment that the government reasonably has prohibited. See, e.g., Rutherford v. United States, 616 F.2d 455, 457 (10th Cir.), cert. denied, 449 U.S. 937 (1980); Carnohan v. United States, 616 F.2d 1120, 1122 (9th Cir.1980); Peckmann v. Thompson, 745 F.Supp. 1388, 1391 (C.D.Ill.1990); Jacob v. Curt, 721 F.Supp. 1536, 1539 (D.R.I.1989), aff'd on other grounds, 898 F.2d 838 (1st Cir.1990); Kulsar v. Ambach, 598 F.Supp. 1124, 1126 (W.D.N.Y.1984). Absent that right there can be no constitutional violation.
 
 
 5
 Because the plaintiffs do not state the deprivation of any constitutional right, they cannot overcome the defendants' qualified immunity defense. The district court's judgment is accordingly REVERSED, and the case is REMANDED to the district court with instructions to enter judgment in favor of the defendants on plaintiffs' damage claims under Counts I and II of the Second Amended Complaint.
 
 
 6
 REVERSED AND REMANDED.
 
 ORDER
 
 7
 June 3, 1992.
 
 
 8
 This matter comes before the Court on the plaintiffs-appellees' petition for rehearing filed May 26, 1992 by attorney William E. Hourigan. On consideration thereof, it is ORDERED that the petition for rehearing is stricken because Hourigan is not an attorney of record in this appeal; further, that the last sentence of the unpublished order dated May 11, 1992 is amended sua sponte as follows:
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record