In the Matter of GERALD MOSS, Appellant, v ALBANY MEDICAL CENTER HOSPITAL, Respondent.

Third Department, March 30, 1978

## APPEARANCES OF COUNSEL

*E. Stewart Jones (Arthur L. Rosen* of counsel), for appellant.

*Poskanzer, Hessberg, Blumberg & Dolin (Nicholas J. Greisler* of counsel), for respondent.

### OPINION OF THE COURT

GREENBLOTT, J.

Petitioner, a physician, appeals from the decision of the respondent hospital which denied his application for surgical staff privileges. Following petitioner's application, a three-member committee of respondent's department of surgery recommended unanimously that the application not be approved. The department of surgery also recommended that the application be disapproved and the Medical Board of the respondent voted to accept the recommendation of the department. The reason given for the disapproval of the application was that petitioner did "not possess a level of surgical competence which is a prerequisite for medical staff membership".

Petitioner then invoked his right to a hearing under the respondent's by-laws. A hearing committee conducted a hearing and affirmed the determination of the Medical Board. Upon a further appeal to the respondent's Board of Governors, the determination was again affirmed. Petitioner then filed a complaint with the Public Health Council, pursuant to section 2801-b of the Public Health Law, alleging that respondent committed an improper practice in denying his application for staff privileges. The council found no cause to credit the claim since respondent's action related to "standards of patient care, patient welfare, the objectives of the institution or the character and competency of the individual". This proceeding followed.

■ At common law, absent a contractual obligation to the contrary, denial of staff privileges by a private hospital constituted no legal wrong (*Leider v Beth Israel Hosp. Assn.,* 11 NY2d 205, 208-209; *Halberstadt v Kissane,* 31 AD2d 568). One exception evolved: review could be had if economic necessity and a hospital's monopoly power were proven (*Matter of Salter v New York State Psychological Assn.,* 14 NY2d 100, 106-107). In the case at bar, petitioner has staff privileges at three area hospitals. We are not convinced by petitioner's allegations of monopoly power or economic necessity.

■ In 1972, the Legislature enacted section 2801-b of the Public Health Law (L 1972, ch 284, § 1), designed to limit the common-law rule that immunized a private hospital's actions from judicial scrutiny (*Matter of Fritz v Huntington Hosp.,* 39 NY2d 339, 345). Subdivision 1 of section 2801-b of the Public Health Law provides, in relevant part, that "[i]t shall be an improper practice for the governing body of a hospital to * * *

withhold from a physician * * * staff membership or professional privileges in a hospital * * * without stating the reasons therefor, or if the reasons stated are unrelated to standards of patient care, patient welfare, the objectives of the institution or the character or competency of the applicant." Subdivision 2 allows a person aggrieved by an improper practice to file a complaint with the Public Health Council. The Public Health Council must investigate the complaint and determine whether "cause exists for crediting the allegations of the complaint" (§ 2801-b, subd 3). Section 2801-c gives the Supreme Court jurisdiction to enjoin violations or threatened violations of any provisions of article 28.

■ ■ Since petitioner's only basis for judicial review is injunctive relief under section 2801-c, we must convert this article 78 proceeding to an action for an injunction pursuant to our powers under CPLR 103 (subd [c]) *(Matter of Fritz v Huntington Hosp., supra,* p 347). The court's scope of review in an action for an injunction was clearly laid out in *Fried v Straussman* (41 NY2d 376). The court limits itself to (p 383): "a determination whether the purported grounds were reasonably related to the institutional concerns set forth in the statute, whether they were based on the apparent facts as reasonably perceived by the administrators, and whether they were assigned in good faith."

■ Turning now to an examination of the record in light of these standards, there can be little doubt that respondent's grounds for denying staff privileges were reasonably related to the institutional concerns set forth in the statute. Failure to meet the hospital's standards of surgical competence falls within these concerns.

We also believe that these grounds were based on "the apparent facts as reasonably perceived" by the various medical committees of the respondent. The Medical Board's decision rested upon criticism of four of petitioner's cases. We are mindful that the issue is not the ultimate truth of the charge of lack of competence. Rather, all that respondent need show is that the board acted upon a reasonably objective basis in concluding that there had been violations of accepted standards in each case. The cases involved, for the most part, matters of judgment in procedure and technique. Petitioner's witnesses supported his exercise of judgment. Respondent's chief of surgery disagreed. His position was corroborated by three physicians of the department's subcommittee and then

accepted by 9 physicians of the executive committee, 6 physicians of the hearing committee and 18 physicians of the Medical Board, all without a dissenting voice. It is difficult to believe that no physician would have spoken out in favor of petitioner if he had performed with all due competence. In any case, we are dealing with highly technical matters, and the only conclusion we can reach is that there are facts in the record which could serve as the basis for a reasonable perception by the physicians deciding this matter that petitioner did not meet respondent's standards.

Finally, we must inquire whether the reasons for denial of privileges were assigned in good faith. Petitioner can point to nothing in the record that would suggest ulterior motives by any of the reviewers. We again note the number of physicians who were called upon to review the application and the findings and the absence of objection to the denial of the application. Procedural irregularities alleged by the petitioner do not suggest bad faith, and, in fact, did not rise to the level of substantial deprivations.

We conclude that under our limited review powers, there is no cause to disturb respondent's decision. The judgment must be affirmed.

The judgment should be affirmed, without costs.

MAHONEY, P. J., STALEY, JR., MIKOLL and HERLIHY, JJ., concur.

Judgment affirmed, without costs.