26 In the Matter of COHOES MEMORIAL HOSPITAL, Appellant, v DEPARTMENT OF HEALTH OF THE STATE OF NEW YORK et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered October 9, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to annul a decision of the Public Health Council. In January, 1977 petitioner's board of directors removed two physicians from administrative positions and reduced their staff ranks from "active" to "courtesy". No reasons were given for these changes. The physicians, through their attorney, subsequently filed a complaint with the Public Health Council pursuant to section 2801-b of the Public Health Law. Petitioner was afforded an opportunity to respond and did furnish a response. The Public Health Council found cause to credit the complaint and directed petitioner's governing board to review the action taken in diminishing or curtailing the professional privileges of the two physicians. The council also directed that any action with respect to the two physicians taken by petitioner subsequent to its review be in accordance with section 2801-b of the Public Health Law. Petitioner then commenced this CPLR article 78 proceeding seeking to have the determination of the Public Health Council reversed and annulled. Special Term dismissed the petition and this appeal ensued. The sole issue on this appeal is whether or not the Public Health Council's determination was a final order within the

meaning of CPLR 7801 (subd 1). Special Term concluded that it was not and for that reason dismissed the petition. We agree. We view the council's determination as a preliminary, nonfinal step to be taken prior to seeking remedial relief by means of an injunctive action. Although in the present case the physicians involved have commenced a plenary action for an injunction, if they had not done so the council's determination would have had no significant affect on petitioner. In view of the fact that such an action has been commenced, section 2801-c of the Public Health Law provides that any finding by the Public Health Council shall be prima facie evidence of the fact or facts found therein. Judicial review of the council's decision may be had in the injunctive action. Where a physician has filed a complaint pursuant to section 2801-b alleging that a hospital had improperly denied his application for staff privileges, the physician's only basis for judicial review is injunctive relief under section 2801-c *(Matter of Fritz v Huntington Hosp.,* 39 NY2d 339, 347; *Matter of Moss v Albany Med. Center Hosp.,* 61 AD2d 545, 548; see *Yates v Cohoes Mem. Hosp.,* 64 AD2d 726). In light of these cases and our conclusion that the council's decision is merely a preliminary step toward injunctive relief, it is the opinion of this court that the council's determination was not a final order within the meaning of CPLR 7801 (subd 1). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Larkin, JJ., concur.