■ PRASAD CHALASANI, Appellant, v CARL NEUMAN, Doing Business as LYDIA E. HALL HOSPITAL, Respondent. — In an action, *inter alia,* to enjoin defendant from depriving plaintiff from staff membership and privileges at Lydia E. Hall Hospital, plaintiff appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated December 23, 1982, which granted that branch of defendant's motion which sought to dismiss the complaint for failure to state a cause of action. Order reversed, on the law, with costs, that branch of defendant's motion which sought dismissal of the complaint denied, and complaint reinstated. The complaint alleges that Lydia E. Hall Hospital failed to follow certain procedures included in its by-laws when it denied plaintiff reappointment to the medical staff of the hospital. Defendant, by his answer, denied, *inter alia,* that the hospital violated its by-laws. Defendant then moved, *inter alia,* pursuant to CPLR 3211 (subd [a], par 7), to dismiss plaintiff's complaint for failure to state a cause of action. Special Term granted that branch of defendant's motion which sought dismissal of the complaint on the ground that an alleged "violation of Medical Staff By-Laws of the hospital do[es] not give rise to an action against the hospital". We disagree and hold that the complaint does sufficiently plead a cause of action to withstand the motion to dismiss. New York State regulations provide that a hospital must have "a medical staff organized under bylaws approved by the governing body" (10 NYCRR 405.1023; see 10 NYCRR 405.1 [a]). Those regulations further require that the by-laws of a hospital shall include "[a] procedure for granting and withdrawing privileges to physicians" and "[a] mechanism for appeal of decisions regarding medical staff membership and privileges" (10 NYCRR 405.1023 [i] [2] [iii], [iv]). To suggest that a hospital is not bound by its by-laws, which are mandated by the regulations, would reduce the by-laws to "a meaningless mouthing of words" (see *Tedeschi v Wagner Coll.,* 49 NY2d 652, 662). Accordingly, the complaint does state a cause of action based on the hospital's alleged failure to follow the procedures set forth in its medical staff by-laws (cf. *Tedeschi v Wagner Coll., supra;* see, also, *Berberian v Lancaster Osteopathic Hosp. Assn.,* 395 Pa 257; *Gotsis v Lorain Community Hosp.,* 46 Ohio App 2d 8; *Nagib v St. Therese Hosp.,* 41 Ill App 3d 970; *Margolin v Plant Hosp. Assn.,* 348 So 2d 57 [Fla]). We further note that plaintiff's failure to submit a copy of the by-laws to Special Term does not preclude a finding that the complaint states a cause of action. The allegations in the complaint, liberally construed, adequately put defendant on notice as to the specific aspects of the by-laws which were alleged to be violated (cf. *Underpinning & Foundation Constructors v Chase Manhattan Bank,* 46 NY2d 459, 462; *219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509; *Foley v D'Agostino,* 21 AD2d 60). Moreover, subdivision 1 of section 2801-b of the Public Health Law does not warrant a different result. That subdivision prohibits a hospital from, *inter alia,* denying a physician reappointment to its staff for reasons "unrelated to standards of patient care, patient welfare, the objectives of the institution or the character or competency of the applicant". However, since subdivision 4 of section 2801-b provides that "[t]he provisions of this section shall not be deemed to impair or affect any other right or remedy", plaintiff is not relegated to challenging only determinations which may be violative under subdivision 1 of section 2801-b. Therefore, that branch of defendant's motion which sought dismissal of the complaint should be denied and the complaint reinstated. Damiani, J. P., Lazer and Mangano, JJ., concur.

Titone, J., dissents and votes to affirm the order, with the following memorandum: In my view, plaintiff cannot maintain an action for injunctive relief

on the basis of a generalized claim that the defendant violated unspecified provisions of its medical staff by-laws. At common law, a private proprietary hospital had the unfettered right to bar a physician for any or no reason (*Guibor v Manhattan Eye, Ear & Throat Hosp.*, 46 NY2d 736; *Leider v Beth Israel Hosp. Assn.*, 11 NY2d 205). That rule has been tempered by statute (Public Health Law, § 2801-b). While the legislation precludes arbitrary action, it only requires that reasons be given and that "those reasons must relate to legitimate concerns of the hospital" (*Fried v Straussman*, 41 NY2d 376, 380). The Legislature did not intend to "[strip] the administrat[or] of a hospital * * * of discretion to make even the most basic personnel decisions" (*Fried v Straussman, supra*, p 383). Nor can I accept the notion that the staff by-laws constitute an implied contract which limits the hospital's right of termination (cf. *Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 465). The complaint is barren of any citation of any provisions in the by-laws which provide for such a limitation and plaintiff failed to submit a copy of the by-laws themselves in opposition to the motion, *inter alia,* to dismiss. This, in and of itself, warrants an affirmance (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 305). But there is even a more fundamental flaw in such a thesis. Injunctive relief is obtainable only by following the avenue of complaint to the Public Health Council after which the "only basis for judicial review is injunctive relief under section 2801-c" of the Public Health Law (*Matter of Moss v Albany Med. Center Hosp.*, 61 AD2d 545, 548 [Greenblott, J.]; see *Matter of Cohoes Mem. Hosp. v Department of Health*, 48 NY2d 583, 588; *Guibor v Manhattan Eye, Ear & Throat Hosp.*, 46 NY2d 736, *supra; Fried v Straussman*, 41 NY2d 376, 379, *supra*). Judicial review is then limited to "a determination whether the purported grounds [for termination] were reasonably related to the institutional concerns set forth in the statute, whether they were based on the apparent facts as reasonably perceived by the administrators, and whether they were assigned in good faith" (*Fried v Straussman, supra*, p 383; see, also, *Matter of Cohoes Mem. Hosp. v Department of Health, supra*, p 591).[1] On the record before us, there can be little doubt that the failure to obtain malpractice coverage, one of the grounds for the termination, is reasonably related to institutional concerns, was based upon objective evidence and, as a matter of law, cannot constitute bad faith. Indeed, the complaint does not assert otherwise. It is merely claimed that unspecified by-law provisions were not followed. But, procedural irregularities are insufficient to establish bad faith and, given the limited review provided, the courts could not set the hospital's determination aside (*Matter of Moss v Albany Med. Center Hosp.*, 61 AD2d 545, 549, *supra*). Simply put, a violation of such by-law provisions, in and of itself, is not a warrant for judicial interference (*Yates v Cohoes Mem. Hosp.*, 64 AD2d 726, app dsmd 45 NY2d 836). Moreover the allegation in the complaint that the plaintiff was denied "due process of law" by the defendant's actions is frivolous. No constitutional right is implicated; any rights that plaintiff possesses are strictly statutory (*Fried v Straussman*, 41 NY2d 376, 379, *supra; Mulvihill v Butterfield Mem. Hosp.*, 329 F Supp 1020). Both the First and Third Departments have held that courts may not operate as a board of overseers with respect to the exclusion of physicians from private hospital staffs (see *Yates v Cohoes Mem. Hosp.*, 64 AD2d 726, *supra; Halberstadt v Kissane*, 31 AD2d 568; *Matter of Shiffman v Manhattan Eye, Ear & Throat Hosp.*, 35 AD2d 709). I

---

1. Parenthetically, if the new cause of action adopted by the majority could exist independently of the statute, injunctive relief still would not lie. The cause of action would be for breach of contract and the availability of monetary damages would constitute an adequate remedy at law, precluding equitable relief.

would follow this basic rule (27 NY Jur, Hospitals and Asylums, § 11; Ann., 37 ALR3d 645, 659) and affirm the dismissal of the complaint.[2]

2. I recognize that a few jurisdictions have permitted judicial review of private hospital staffing determinations, but find these decisions which represent a minority review (see comment, Michigan Court Joins Majority in Denying Judicial Review of Staffing Decisions of Private Hospitals, 6 Am J of Trial Advocacy 339), to be unpersuasive. In any event they furnish no basis for a departure from settled New York law (cf. *Murphy v American Home Prods. Corp.,* 58 NY2d 293).