■ CHARLES MALTZ, Respondent-Appellant, v NEW YORK UNIVERSITY MEDICAL CENTER, Appellant-Respondent.—Order, Supreme Court, New York County (Michael J. Dontzin, J.), entered August 6, 1985, which, *inter alia,* denied defendant-appellant cross-respondent's motion for summary judgment dismissing the complaint, unanimously modified, on the law, and the defendant-appellant cross-respondent's motion for summary judgment is granted, without costs.

Plaintiff-respondent cross-appellant, Charles Maltz, is a specialist in internal medicine and gastroenterology. Defendant-appellant cross-respondent, New York University Medical Center (University Hospital), is a private teaching hospital located in Manhattan.

In 1978, Maltz worked as an attending physician in the emergency room of Bellevue Hospital Center, a New York City hospital affiliated with University Hospital.

In July 1980, Maltz received an appointment as a noncompensated clinical instructor in the New York University School of Medicine. He frequently worked in the emergency room at University Hospital and was compensated therefor, despite the lack of a formal appointment to the hospital staff. In September 1980, he made the first of three formal applications to University Hospital for an appointment to the hospital staff, with admitting privileges. This, and each subsequent application, was denied. The hospital based its decisions on a bed limitation and claimed it had adequate staffing in oncological gastroenterology, Maltz' area of specialization.

In December 1982, Maltz filed a complaint with the New York State Public Health Council (PHC), alleging that University Hospital had violated Public Health Law § 2801-b by denying him appointment to the hospital staff, with admitting privileges. Public Health Law § 2801-b provides, in pertinent part, as follows: "1. It shall be an improper practice for the governing body of a hospital to refuse to act upon an application for staff membership or professional privileges or to deny or withhold from a physician, podiatrist or dentist staff mem-

bership or professional privileges in a hospital * * * without stating the reasons therefor, or if the reasons stated are unrelated to standards of patient care, patient welfare, the objectives of the institution or the character or competency of the applicant."

The PHC determined that the hospital's actions were related to its objectives and, as such, Maltz was not entitled to the privileges he sought.

Maltz brought the instant action to permanently enjoin University Hospital from violating Public Health Law § 2801-b and demanded that he be granted patient admitting privileges. At Special Term, both parties moved for summary judgment. That court denied the motions for summary judgment, holding that a trial is required to determine whether defendant-appellant's rejection of Maltz' application was in good faith. That question, it held, could not be resolved on motion papers. We disagree and modify to grant summary judgment to the defendant.

The record does not present issues as to whether or not appellant acted in good faith in denying admitting privileges to Maltz. (See, Fried v Straussman, 41 NY2d 376, 382.) Absent appellant's bad faith, the court need not intervene (see, Matter of Moss v Albany Med. Center Hosp., 61 AD2d 545, 549), as this is an area in which a hospital is afforded with broad discretion. (Van Campen v Olean Gen. Hosp., 210 App Div 204, affd 239 NY 615.) Public policy dictates that the court not substitute its judgment for that of the hospital herein. (See, Gertler v Goodgold, 107 AD2d 481, 485, affd 66 NY2d 946.) Concur—Kupferman, J. P., Sandler, Sullivan, Carro and Asch, JJ.