■ GAURI K. BHARD-WAJ, Appellant, v UNITED HEALTH SERVICES, HOSPITALS, INC., Respondent. [755 NYS2d 766] —Crew III, J.P. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered December 19, 2001 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff is a licensed physician who has been practicing medicine in Broome County since 1981 with privileges at two hospitals managed by defendant. In April 2000, a registered nurse employed by defendant filed a report against plaintiff alleging patient neglect. As a consequence, defendant's vice-president of medical affairs undertook an investigation, at the conclusion of which he referred the matter to defendant's Institutional Care Review Committee, which, in turn, determined that plaintiff had neglected the patient in question and had falsely altered the patient's medical records. The matter was then referred to defendant's Medical Staff Quality Assurance Committee, which unanimously recommended that plaintiff's privileges be permanently revoked. Thereafter, defendant's Medical Executive Committee reviewed the findings and recommendations of the Quality Assurance Committee and likewise concluded that plaintiff had provided substandard care to his patient and had falsely altered the patient's medical record. The Medical Executive Committee then recommended to defendant's Professional Practice Committee the revocation of plaintiff's medical privileges at defendant's hospitals. Following a fair hearing requested by plaintiff, the Fair Hearing Committee concurred with the findings of the Medical Executive Committee and recommended that plaintiff's privileges at defendant's hospitals be revoked and, as a consequence, defendant's Board of Directors revoked plaintiff's privileges.

Plaintiff thereafter made application to the Public Health Council of the Department of Health seeking reversal of the rev-

ocation of his privileges. The Public Health Council upheld the revocation, thereby exhausting plaintiff's administrative remedies. Plaintiff then commenced this action in Supreme Court seeking injunctive relief restoring his hospital privileges. Following joinder of issue, Supreme Court granted defendant's motion for summary judgment, prompting this appeal.

Public Health Law § 2801-b (1) provides, in relevant part, that "[i]t shall be an improper practice for the governing body of a hospital to * * * terminate or diminish in any way a physician's * * * professional privileges in a hospital, without stating the reasons therefor, or if the reasons stated are unrelated to standards of patient care, patient welfare, the objectives of the institution or the character or competency of the applicant." Where, as here, a physician alleges a violation of Public Health Law § 2801-b (1), the sole remedy available is to bring an application for injunctive relief (see Public Health Law § 2801-c; Matter of Cohoes Mem. Hosp. v Department of Health of State of N.Y., 64 AD2d 737, 738 [1978], affd 48 NY2d 583 [1979]). Upon review of such application, our inquiry is limited to "whether the purported grounds were reasonably related to the institutional concerns set forth in the statute, whether they were based on the apparent facts as reasonably perceived by the administrators, and whether they were assigned in good faith" (Fried v Straussman, 41 NY2d 376, 383 [1977]; see Matter of Moss v Albany Med. Ctr. Hosp., 61 AD2d 545, 548 [1978]).

Based upon our review of the record as a whole, we cannot say that plaintiff has demonstrated a likelihood of success on the merits and, hence, Supreme Court properly denied plaintiff's request for injunctive relief. The grounds for the revocation of plaintiff's privileges plainly were related to patient care and were based upon sufficient apparent facts as reasonably perceived by defendant's various committees and Board of Directors. With regard to the good faith element, we are unable to discern any ulterior motive upon the part of the nurse who initiated the report in question or upon any of defendant's representatives. Finally, to the extent that plaintiff asserts that defendant failed to follow its bylaws regarding the criteria to be considered and the procedures to be employed in revoking plaintiff's privileges, we need note only that plaintiff failed to raise this argument before Supreme Court and, hence, it has not been preserved for our review (see Murphy v Arrington, 295 AD2d 865, 866 [2002]).

Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order and judgment are affirmed, with costs.