■ LASZLO MATE, Respondent, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Appellants. [806 NYS2d 522]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered August 11, 2004, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

This action alleges employment discrimination based upon a disability, as well as retaliation for complaining about such discrimination. Defendants claim that plaintiff was terminated for poor job performance and that the person making the decision to terminate his employment did not know of plaintiff's back problem or his request for accommodation at the time he made the termination decision. However, the inconsistent testimony of two employees of defendant New York State Department of Transportation about the sequence of events leading up to plaintiff's termination raises an issue of fact that precludes summary judgment in this case.

Defendant James Manzolillo, the Director of New York City Planning and Program Management, stated in his affidavit that he made the determination to terminate plaintiff's employment in the beginning of June 1999, after seeing unsatisfactory reports about plaintiff's work performance. He further stated that he was not aware of plaintiff's back problem or of any request for reasonable accommodation at that time. Nor was he aware that plaintiff had filed a complaint against his supervisor. At deposition, however, Manzolillo testified that it was two other employees in the Personnel Department, Ms. Kopmans and Ms. Leen, who recommended plaintiff's termination. He also testified that discussions about plaintiff's employment continued up to the date of the termination letter on June 30, 1999.

Additionally, Ms. Leen testified at deposition that while she was aware that plaintiff's termination was being considered, she met with plaintiff on June 25, 1999 to discuss his back problem and his request for reasonable accommodation under the Americans with Disabilities Act. She stated that she gave plaintiff a deadline of July 9, 1999 to comply with providing documentation of his condition. She further testified that the decision to terminate was not made until documents regarding the termination were received by the Albany headquarters for review and approval on June 29, 1999.

Thus, these inconsistencies in testimony coupled with the

temporal proximity between plaintiff's termination and the filing of his complaint against his supervisor and request for reasonable accommodation raise an issue of fact as to the genuine reason for plaintiff's termination (*see Sumner v United States Postal Serv.*, 899 F2d 203, 209 [2d Cir 1990]).

A further issue of fact is raised as to whether defendants' claimed reason for termination is valid or pretextual. The existence of employer dissatisfaction with work performance prior to termination does not necessarily exclude a retaliatory or discriminatory motive (*see Dominic v Consolidated Edison Co. of N.Y., Inc.*, 822 F2d 1249, 1255 [2d Cir 1987]). Moreover, the unsatisfactory evaluations of plaintiff's work performance which defendants claim support their decision to terminate did not occur until after plaintiff's supervisor disapproved plaintiff's request to use his accrued vacation days. In addition, there are credibility issues concerning the validity of those evaluations since the supervisor responsible for the evaluations is the same person who allegedly mistreated plaintiff in connection with his need to take breaks due to his disability. We have considered and rejected defendants' remaining arguments. Concur—Buckley, P.J., Mazzarelli, Ellerin, Catterson and McGuire, JJ.