██ In the Matter of FIROOZ N. TABRIZI, M.D., Appellant, v FAXTON-ST. LUKE's HEALTH CARE, Respondent. [886 NYS2d 312]—

Appeal from an order of the Supreme Court, Oneida County (John W. Grow, J.), entered September 30, 2008. The order denied petitioner's application for an injunction pursuant to Public Health Law § 2801-c.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner (hereafter, plaintiff) commenced this CPLR article 78 proceeding seeking to compel respondent (hereafter, defendant) to reinstate his full clinical privileges at defendant's hospital. Supreme Court converted the proceeding into an action for an injunction pursuant to Public Health Law § 2801-c and then refused to grant an injunction, concluding that there was a rational basis for the suspension and that plaintiff had been afforded his full procedural rights pursuant to the applicable law and defendant's bylaws. We affirm.

Upon reviewing an application for an injunction pursuant to Public Health Law § 2801-c, the court's inquiry is limited to determining whether the purported grounds for suspending or restricting a physician's practice privileges "were reasonably related to the institutional concerns set forth in the statute, whether they were based on the apparent facts as reasonably perceived by the administrators, and whether they were assigned in good faith" (*Fried v Straussman*, 41 NY2d 376, 383 [1977], *rearg denied* 41 NY2d 1009 [1977]; *see Bhard-Waj v United Health Servs., Hosps.*, 303 AD2d 824, 825 [2003]; *Jones v Yonkers Gen. Hosp.*, 143 AD2d 885 [1988]). It is not within the province of the court to determine whether a defendant was in fact justified in suspending the plaintiff's clinical privileges or whether the allegations against the plaintiff were in fact accurate (*see Fried*, 41 NY2d at 382-383). Based on the record before us, including the transcript of plaintiff's fair hearing, we agree with the court that defendant's reasons for suspending

plaintiff's clinical privileges were properly related to the concern of defendant for the safety of its patients (*see* Public Health Law § 2801-b [1]). In addition, defendant's actions were undertaken in good faith, i.e., in response to a telephone call from a physician affiliated with an insurance company who expressed concern over plaintiff's care of a patient insured by that company.

We reject plaintiff's contention that the court improperly dismissed the action, sua sponte, in the absence of a motion to dismiss by defendant. Although the court in its bench decision stated that the action was dismissed, the court also stated that it was denying "injunctive relief." In any event, having denied the relief sought in the action, it is of no moment whether the court stated in its bench decision that the action was dismissed. Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.