*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: June 2, 2016       521817
      521668

_____

In the Matter of EVA FISCHER,
                Respondent-
                Petitioner,

    v

NYACK HOSPITAL,                     MEMORANDUM AND ORDER
                Appellant-
                Respondent,
                et al.,
                Respondent.

_____

Calendar Date: April 18, 2016

Before: Lahtinen, J.P., McCarthy, Garry, Rose and Aarons, JJ.

_____

Nixon Peabody LLP, Albany (Jena R. Rotheim of counsel), for appellant-respondent.

O'Connell & Aronowitz, Albany (Caitlin Monjeau of counsel), for respondent-petitioner.

_____

Lahtinen, J.P.

(1) Appeal from an order of the Supreme Court (Mott, J.), entered December 3, 2014 in Albany County, which denied a motion by respondent Nyack Hospital to, among other things, convert the CPLR article 78 proceeding into a plenary action, and (2) proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Nyack Hospital denying petitioner medical privileges at that institution.

Petitioner, a surgeon, had medical privileges at respondent Nyack Hospital that were set to expire in mid-2012.  While her application to renew was pending, Nyack summarily suspended her in May 2012 after learning that her privileges had recently been suspended at another hospital.  She met with Nyack's medical executive committee, which recommended that the suspension be upheld and her privileges not be renewed.  After this recommendation was adopted by Nyack, she requested a hearing, which ensued before a four-member panel of physicians.  The panel issued a detailed written decision finding, among other things, that petitioner had a pattern of inaccessibility to staff when on call, she repeatedly did not respond promptly to the emergency department when on call, she failed to obtain coverage when unavailable because of illness, she left the operating room and could not be located while her patients were in surgery and she failed to properly disclose her suspension at the other hospital as required by Nyack's bylaws.  Based on these and other findings, the panel recommended that her application be denied.  Nyack's board of trustees accepted the panel's recommendation.

Pursuant to Public Health Law § 2801-b, petitioner filed a complaint with respondent Public Health and Health Planning Council (hereinafter PHHPC) challenging Nyack's refusal to renew her privileges.  PHHPC did not credit her complaint and informed her that Nyack's reasons for terminating her privileges were "focused on patient care and welfare and were consistent with Public Health Law [§] 2801-b."  Petitioner commenced this CPLR article 78 proceeding seeking to annul Nyack's determination and reinstate her privileges.[1]  Nyack answered, moved to convert the proceeding into a plenary action and, once converted, for summary judgment dismissing the complaint.  Supreme Court denied Nyack's motion and transferred the proceeding to this Court pursuant to CPLR 7804 (g).  Nyack appealed from the denial of its motion.[2]

_____

[1]  Although PHHPC was also named a respondent, petitioner consented to a dismissal as to PHHPC.

[2]  Nyack's appeal from the nonfinal order denying its motion must be dismissed as no appeal as of right lies from a nonfinal

Nyack's motion to convert the proceeding into an action for injunctive relief should have been granted. Although at common law a private hospital had unfettered discretion in denying privileges to a physician, Public Health Law article 28 was enacted to temper the harsh effect of the common law (see e.g. Matter of Cohoes Mem. Hosp. v Department of Health of State of N.Y., 48 NY2d 583, 588 [1979]; Guibor v Manhattan Eye, Ear & Throat Hosp., 46 NY2d 736, 737 [1978]). Under the statute, it is an improper practice for a hospital to deny privileges unless it gives reasons therefor, and those reasons relate to "standards of patient care, patient welfare, the objectives of the institution or the character or competency of the applicant" (Public Health Law § 2801-b [1]). An aggrieved physician generally must seek review from PHHPC of a denial of privileges (see Public Health Law § 2801-b [2]; Gelbard v Genesee Hosp., 87 NY2d 691, 696 [1996]; see also Indemini v Beth Israel Med. Ctr., 4 NY3d 63, 67 [2005]; cf. Yin v N. Shore LIJ Health Sys., 20 F Supp 3d 359, 367 [ED NY 2014] [noting two narrow exceptions recognized in federal courts]). Where the physician thereafter seeks reinstatement of privileges based upon allegations of improper practices by the hospital, the remedy is an action for injunctive relief (see Public Health Law § 2801-c; Bhard-Waj. v United Health Servs., Hosps., 303 AD2d 824, 825 [2003]; Moallem v Jamaica Hosp., 264 AD2d 621, 622 [1999]; Matter of Chong-Hwan Wee v City of Rome, 233 AD2d 876, 877 [1996]; Matter of Nawaz v University Hosp. of State Univ. of N.Y. at Stony Brook, 166 AD2d 593, 593 [1990], lv denied 77 NY2d 805 [1991]; Matter of Moss v Albany Med. Ctr. Hosp., 61 AD2d 545, 548 [1978]; see generally Mason v Cent. Suffolk Hosp., 3 NY3d 343, 348 [2004]).

---

order in a CPLR article 78 proceeding (see CPLR 5701 [b] [1]). However, the issues raised with respect to said order are reviewable within the context of the transferred proceeding (see Matter of Board of Educ. of Union-Endicott Cent. School Dist. v New York State Pub. Empl. Relations Bd., 250 AD2d 996, 996 [1998]; Matter of Schultz v Roberts, 138 AD2d 980, 980 [1988]; Matter of Desmone v Blum, 99 AD2d 170, 177 [1984]).

Petitioner asserted improper practices and bylaw procedural violations by Nyack. As to each cause of action, she relied in part on alleged violations of Public Health Law § 2801-b. The primary relief that petitioner seeks is annulment of Nyack's decision and an order directing reinstatement of her privileges at the hospital. Under such circumstances, Nyack's motion to convert the proceeding into an action should not have been denied, and we now grant such relief (CPLR 103 [c]; Matter of Moss v Albany Med. Ctr. Hosp., 61 AD2d at 548; see also Falk v Anesthesia Assoc. of Jamaica, 228 AD2d 326, 329-330 [1996], lv dismissed 89 NY2d 916 [1996]; Gelbard v Genesee Hosp., 211 AD2d 159, 164 [1995], affd 87 NY2d 691 [1996]).

Judicial review of an alleged violation of Public Health Law § 2801-b (1) is "limited to 'whether the purported grounds were reasonably related to the institutional concerns set forth in the statute, whether they were based on the apparent facts as reasonably perceived by the administrators, and whether they were assigned in good faith'" (Bhard-Waj v United Health Servs., Hosps., 303 AD2d at 825, quoting Fried v Straussman, 41 NY2d 376, 383 [1977]; see Matter of Tabrizi v Faxton-St. Luke's Health Care, 66 AD3d 1421, 1421 [2009], lv denied 13 NY3d 717 [2010]). Here, the record reflects that petitioner received a fair hearing at which she was represented by counsel, who cross-examined Nyack's witnesses and presented proof in support of her position. The grounds found by Nyack were reasonably related to institutional concerns and amply supported by proof, including, among other things, testimony of hospital personnel and physicians as well as hospital records. Although petitioner alleges bad faith by Nyack, this conclusory allegation is unsupported by any evidence. The fact that she was not subject to discipline by the Office of Professional Medical Conduct is not evidence of bad faith by Nyack. Since petitioner failed to raise material issues of fact, Nyack's motion for summary judgment dismissing the now converted action is granted (see Matter of Tabrizi v Faxton-St. Luke's Health Care, 66 AD3d at 1421-1422; Bhard-Waj v United Health Servs., Hosp., 303 AD2d at 825).

-5- 521817
521668

McCarthy, Garry, Rose and Aarons, JJ., concur.

ORDERED that the appeal from the order is dismissed, without costs.

ADJUDGED that respondent Nyack Hospital's motion to convert the CPLR article 78 proceeding into a plenary action and then for summary judgment dismissing said action is granted, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court