Meyer v Zucker (2018 NY Slip Op 02695)





Meyer v Zucker


2018 NY Slip Op 02695


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

525163

[*1]JILL MEYER, Appellant,
v
HOWARD A. ZUCKER, as Commissioner of Health, et al., Respondents.

Calendar Date: February 16, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Rumsey, JJ.


Wolin & Wolin, Jericho (Alan E. Wolin of counsel), for appellant.
Eric T. Schneiderman, Attorney General, Albany (Patrick A. Woods of counsel), for Howard A. Zucker and others, respondents.
Epstein Becker & Green, PC, New York City (Traycee Ellen Klein of counsel), for North Shore-Long Island Jewish Health System, respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (O'Connor, J.), entered September 12, 2016 in Albany County, which, upon converting the CPLR article 78 proceeding to an action for injunctive relief, granted defendants' motions to dismiss the complaint.
In 2004, plaintiff, a psychiatrist licensed to practice in New York, was appointed to the active medical staff and obtained
clinical privileges at North Shore University Hospital (hereinafter NSUH), a member of defendant North Shore-Long Island Jewish Health System (hereinafter NSLIJHS). In July 2008, plaintiff applied for appointment to Forest Hills Hospital's medical staff and for clinical privileges at Forest Hills Hospital, but she was advised that a recommendation would be made to the Credentialing Committee of Forest Hills Hospital's Medical Board to deny her application [FN1]. In September 2009, plaintiff was notified that the medical board had denied her application, and that decision was upheld upon administrative review. In August 2010, plaintiff's application for reappointment at NSUH was approved for the two-year cycle February 1, 2011 through January [*2]31, 2013 [FN2]. In that application, plaintiff did not disclose that she had been previously denied clinical privileges at Forest Hills Hospital. Thereafter, NSUH became aware of the omission in plaintiff's application and, as a result, requested corrective action to terminate her clinical privileges.
While the request for corrective action was pending, plaintiff's privileges at NSUH expired on January 31, 2013, and her application for reappointment for the February 1, 2013 to January 31, 2015 cycle was denied. Following a March 2014 administrative hearing, NSUH's Hearing Committee upheld the request for corrective action and termination of plaintiff's clinical privileges, as well as the decision denying her request for reappointment to the medical staff for the 2013-2015 cycle. These findings were upheld by the appellate review committee. Plaintiff then filed an improper practice complaint with defendant Public Health and Health Planning Council (hereinafter PHHPC),[FN3] alleging that NSUH's request for corrective action and denial of her application for reappointment to the medical staff at NSUH were in violation of the Public Health Law. The PHHPC did not credit plaintiff's complaint, finding that the request for corrective action was consistent with Public Health Law § 2801-b.
Plaintiff subsequently commenced the underlying CPLR article 78 proceeding, claiming, among other things, that NSUH violated Public Health Law § 2801-b by seeking revocation of her privileges and by denying her reappointment application. In lieu of answering, PHHPC, defendant Commissioner of Health and defendant Department of Health (hereinafter collectively referred to as the State defendants) moved to dismiss for lack of subject matter jurisdiction and for failure to state a cause of action. NSLIJHS also moved to dismiss for improper commencement of a CPLR article 78 proceeding, for failure to state a cause of action and for defenses founded upon documentary evidence (see CPLR 3211 [a] [1], [7]). Finding that the CPLR article 78 proceeding was improperly brought as such, Supreme Court exercised its discretion pursuant to CPLR 103 (c) and converted the matter to an action for injunctive relief pursuant to Public Health Law § 2801-c. The court dismissed the claim for compensatory damages, found that the record established that NSUH's reasons for terminating plaintiff's clinical privileges and for not reappointing her to its medical staff were in good faith and found that nothing in NSUH's bylaws entitled plaintiff to maintain her clinical privileges after they expired and until a final determination was made by NSUH. Plaintiff now appeals the granting of defendants' motions dismissing the complaint, and we affirm.
Plaintiff argues that Supreme Court's dismissal of her complaint was improper because NSUH violated Public Health Law § 2801-b when it sought her termination and failed to reappoint her and renew her clinical privileges prior to the January 31, 2013 expiration of her appointment. A motion under CPLR 3211 (a) (1) is properly granted "'only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively [*3]establishing a defense as a matter of law'" (Trask v Tremper Prop. Assn., Inc., 122 AD3d 1206, 1207 [2014], quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). "On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a claim, we must afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the nonmoving party the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" (Graven v Children's Home R.T.F., Inc., 152 AD3d 1152, 1153 [2017] [internal quotation marks and citations omitted]; see Porco v Lifetime Entertainment Servs., LLC, 147 AD3d 1253, 1254 [2017]; Torok v Moore's Flatwork & Founds., LLC, 106 AD3d 1421, 1421 [2013]).
Under the Public Health Law, it is an improper practice for a hospital to deny privileges unless it gives reasons therefor, and those reasons must concern "standards of patient care, patient welfare, the objectives of the institution or the character or competency of the applicant" (Public Health Law § 2801-b [1]; see Matter of Fischer v Nyack Hosp., 140 AD3d 1264, 1266 [2016]). "Where, as here, a physician alleges a violation of Public Health Law § 2801-b (1), the sole remedy available is to bring an application for injunctive relief" (Bhard-Waj v United Health Servs., Hosps., 303 AD2d 824, 825 [2003] [citations omitted]; see Public Health Law § 2801-c; Matter of Fischer v Nyack Hosp., 140 AD3d at 1266). "Judicial review of an alleged violation of Public Health Law § 2801-b (1) is 'limited to whether the purported grounds were reasonably related to the institutional concerns set forth in the statute, whether they were based on the apparent facts as reasonably perceived by the administrators, and whether they were assigned in good faith'" (Matter of Fischer v Nyack Hosp., 140 AD3d at 1266, quoting Bhard-Waj v United Health Servs., Hosps., 303 AD2d at 825). Further, "[i]t is not within the province of the court to determine whether a defendant was in fact justified in suspending the plaintiff's clinical privileges or whether the allegations against the plaintiff were in fact accurate" (Matter of Tabrizi v Faxton-St. Luke's Health Care, 66 AD3d 1421, 1421 [2009], lv denied 13 NY3d 717 [2010]).
Plaintiff's August 2010 application for reappointment and clinical privileges reveals that plaintiff was asked if she, in the past 10 years, had "ever been denied membership or renewal thereof or been the subject of disciplinary action by any medical or dental organization including, but not limited to, hospitals or professional or managed-care companies." Plaintiff answered no to this question, and she does not dispute that she failed to truthfully answer this question on her reappointment application. Despite being required to do so under NSUH's bylaws, plaintiff also failed to promptly notify NSUH and to update her August 2010 reappointment application upon being informed in November 2010 by Forest Hills Hospital's appellate review committee that it had upheld the denial of her application for appointment at that hospital. In her July 2012 application for reappointment for the 2013-2015 cycle, plaintiff acknowledged that she had been denied "Forest Hills voluntary privileges"; however, she again answered no to the question asking her whether, in the past 10 years, her membership on any hospital staff and/or clinical privileges had ever been, or currently was, in the process of being denied, revoked, suspended, reduced or limited.
In addition, at the administrative hearing, John Kane, the Chair of NSUH's Department of Psychiatry, testified that his reason for denying plaintiff's July 2012 reappointment application was based upon the fact that, among other things, plaintiff failed to fully acknowledge that she was previously denied clinical privileges at Forest Hills Hospital. Kane further explained that a peer reference for plaintiff was received, and every item was rated as fair, which is not customary. According to Kane, no institution contacted for a competency assessment on behalf of plaintiff provided one. Kane also indicated that one institution opined that "they would not provide a competency assessment unless they were forced in some way to do so." Kane characterized such occurrences as "very unusual circumstances." Based upon our review of the [*4]record before us, we agree with Supreme Court that NSUH's reasons for seeking corrective action and for not approving plaintiff's July 2012 reappointment application were properly related to plaintiff's "character or competency as an applicant" insofar as she withheld material and relevant information on her application — to wit, that she had been previously denied membership and clinical privileges at Forest Hills Hospital (Public Health Law § 2801-b [1]; see Fischer v Nyack Hosp., 140 AD3d at 1267; Bhard-Waj v United Health Servs., Hosps., 303 AD2d at 825). Moreover, we find that there is no basis in the record upon which to conclude that NSUH's decisions to seek corrective action and to deny plaintiff's application for reappointment were made in bad faith or for impermissible reasons (see Fried v Straussman, 41 NY2d 376, 383 [1977]; Matter of Tabrizi v Faxton-St. Luke's Health Care, 66 AD3d at 1421-1422; Matter of Shapiro v Central Gen. Hosp., 220 AD2d 516, 517 [1995]).
Finally, plaintiff has abandoned any challenge to Supreme Court's dismissal of her claims against the State defendants and claim against NSUH for monetary relief by failing to address these matters in her brief. In any event, no cognizable claim against the State defendants exists under Public Health Law §§ 2801-b, 2801-c (see Matter of Cohoes Mem. Hosp. v Department of Health of State of N.Y., 48 NY2d 583, 589 [1979]), and "[n]o claim to recover damages at common law arises from a hospital's wrongful denial of staff privileges" (Deshpande v Medisys Health Network, Inc., 70 AD3d 760, 762 [2010], lv denied 14 NY3d 713 [2010]; see Lobel v Maimonides Med. Ctr., 39 AD3d 275, 277 [2007]; Saha v Record, 177 AD2d 763, 765 [1991]; cf. Bloom v NYU Langone Med. Ctr., 150 AD3d 511, 511 [2017]). Accordingly, we find no basis in the record before us to disturb Supreme Court's dismissal of plaintiff's complaint pursuant to CPLR 3211 (a) (1) and (7). We have examined plaintiff's remaining contentions and find them to be without merit.
McCarthy, J.P., Egan Jr., Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Forest Hills Hospital is also a member of NSLIJHS.

Footnote 2: According to NSUH's bylaws, plaintiff was required to apply for reappointment to NSUH's medical staff and for clinical privileges every two years.

Footnote 3: PHHPC is an administrative body within defendant Department of Health that is, among other things (see generally Public Health Law §§ 224-B, 225), responsible for investigating complaints alleging that a hospital has committed an improper practice under Public Health Law § 2801-b (1) (see Public Health Law § 2801-b [2], [3]).