Matter of Micklas v Town of Halfmoon Planning Bd. (2019 NY Slip Op 02408)





Matter of Micklas v Town of Halfmoon Planning Bd.


2019 NY Slip Op 02408


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

527391

[*1]In the Matter of JOSEPH J. MICKLAS JR. et al., Appellants,
v
TOWN OF HALFMOON PLANNING BOARD et al., Respondents.

Calendar Date: February 13, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Rumsey, JJ.


Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Jacquelyn P. White of counsel), for appellants.
Lyn A. Murphy, Halfmoon, for Town of Halfmoon Planning Board and another, respondents.
Whiteman Osterman & Hanna LLP, Albany (John J. Henry of counsel), for The Fairways of Halfmoon, LLC, respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeals (1) from an order of the Supreme Court (Buchanan, J.), entered December 1, 2017 in Saratoga County, which, in a proceeding pursuant to CPLR article 78, denied petitioners' motion for a preliminary injunction, and (2) from a judgment of said court, entered February 5, 2018 in Saratoga County, which, among other things, dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Halfmoon Planning Board granting a request by respondent The Fairways of Halfmoon, LLC for a special use permit.
Respondent The Fairways of Halfmoon, LLC (hereinafter Fairways) operates a golf course with a building containing its clubhouse and pro shop, as well as a restaurant, bar and banquet house, in the Town of Halfmoon, Saratoga County. By 1999, Fairways had secured from respondent Town of Halfmoon Planning Board the special use permit and site plan approval for those uses demanded by chapter 165 of the Code of the Town of Halfmoon (hereinafter zoning code). In 2017, Fairways applied for an amendment to the existing site plan and a special use permit to, as is relevant here, build an addition to the existing bar and restaurant where beer would be brewed for patrons' purchase and consumption. Petitioners own and/or reside on property nearby, and two of them, Joseph J. Micklas Jr. and James Frederick Hopeck, opposed the applications on the grounds that the proposed brewpub was not a permitted use in the subject Agriculture-Residence (hereinafter A-R) zoning district and that a brewpub would negatively affect the character of the neighborhood. The Planning Board issued the permit and amended the site plan with conditions in May 2017.
Following that determination, Micklas wrote letters to the Town of Halfmoon Director of Code Enforcement (hereinafter Director) asking whether any brewpub could be built in an A-R district "in accordance with the Town of Halfmoon Building Code." The Director responded that the building code did not speak to where a building could be constructed, then added in a second letter that his office did not deal with zoning issues and that such questions must be directed to the Planning Board. In September 2017, respondent Town of Halfmoon Zoning Board of Appeals (hereinafter ZBA) upheld the Director's interpretation.
Petitioners commenced two CPLR article 78 proceedings, one challenging the Planning Board's determination and the other challenging the ZBA's determination. They unsuccessfully moved for a preliminary injunction barring construction of the approved addition, and the matters were consolidated. Supreme Court then dismissed the consolidated proceeding. Petitioners appeal from the order denying a preliminary injunction as well as the final judgment.
Initially, petitioners' appeal from the order denying their motion for a preliminary injunction must be dismissed, as no appeal lies as of right from a nonfinal order in a CPLR article 78 proceeding (see CPLR 5701 [b] [1]; Matter of Fischer v Nyack Hosp., 140 AD3d 1264, 1265 n 2 [2016]; Matter of Ballard v New York Safety Track LLC, 126 AD3d 1073, 1074 n 2 [2015]). Petitioners could have advanced any issues regarding that order on their appeal from the final judgment (see Matter of Fischer v Nyack Hosp., 140 AD3d at 1265 n 2), but failed to brief those issues and have therefore abandoned them (see Board of Trustees of the Vil. of Groton v Pirro, 152 AD3d 149, 153 n 1 [2017]).
Moving on to the appeal from the final judgment, we reject respondents' threshold contention that it is either moot or barred by laches. The fact that Fairways has substantially completed the brewpub does not render the appeal moot, as the addition could still be razed or the brewing operations within it enjoined (see Town of N. Elba v Grimditch, 131 AD3d 150, 156 [2015], lv denied 26 NY3d 903 [2015]; Matter of Kowalczyk v Town of Amsterdam Zoning Bd. of Appeals, 95 AD3d 1475, 1477 [2012]). Petitioners promptly challenged the approvals issued by the Planning Board and moved for preliminary injunctive relief after Fairways obtained a building permit and began construction work (see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 729 [2004]; Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172-173 [2002]). Supreme Court did not grant the requested preliminary injunction, but also made clear that injunctive relief remained a possibility if petitioners ultimately prevailed and that Fairways had "every incentive to limit its construction activity" in the meantime. Fairways was accordingly "on notice that completion was undertaken at its own risk," and we cannot say that this appeal, which petitioners perfected in a timely fashion, is moot (Matter of Hart Family, LLC v Town of Lake George, 110 AD3d 1278, 1278 n 1 [2013]; see Town of N. Elba v Grimditch, 131 AD3d at 157; Matter of Defreestville Area Neighborhood Assn., Inc. v Planning Bd. of Town of N. Greenbush, 16 AD3d 715, 717-718 [2005]; compare Matter of Weeks Woodlands Assn., Inc. v Dormitory Auth. of the State of N.Y., 95 AD3d 747, 747-748 [2012], affd 20 NY3d 919 [2012]). The above circumstances further fail to reflect a prejudicial "neglect in promptly asserting a claim" by petitioners that would warrant applying the doctrine of laches (Matter of Stockdale v Hughes, 189 AD2d 1065, 1067 [1993]; see Town of N. Elba v Grimditch, 131 AD3d at 158; Matter of Letourneau v Town of Berne, 89 AD3d 1202, 1203 [2011]).
Turning to the merits, petitioners assert that the Planning Board failed to meet its obligations under the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]). The Town Engineer characterized Fairways' proposal as a "type II action for which no SEQRA review was required," and the Planning Board used the same characterization throughout the application review process (Matter of Association for the Protection of the Adirondacks, Inc. v Town Bd. of Town of Tupper Lake, 64 AD3d 825, 827 [2009]; see 6 NYCRR 617.5 [a], [former (c) (4), (7)]; 617.6 [a] [1] [i]). The Planning Board nonetheless denoted the project as an unlisted action for SEQRA purposes and issued a negative declaration in its resolution amending the site plan and granting the special use permit (see 6 NYCRR 617.6 [a] [3]). Respondents suggest that the SEQRA language in the resolution was the result of a clerical error but, even if it [*2]was not, the Planning Board had before it a short form environmental assessment form that gave no reason for concern and the opinion of its Town Engineer that no further environmental review was needed. It conducted a review process in which it solicited input from neighbors, public safety officials and other interested agencies, and that review established that the project was limited in scope and confined to already disturbed areas around the clubhouse. Moreover, the few potential environmental impacts arising from the brewpub were addressed, including parking and access issues and concerns as to the disposal of brewing byproducts. The Planning Board thereafter determined in writing that there would be no significant adverse environmental impacts if the project went forward and adopted the resolution containing a negative declaration. In our view, although it might have been better for the Planning Board to "set forth more of a reasoned elaboration for the basis of its determinations, this particular record is adequate for us to exercise our supervisory review to determine that the [Planning] Board strictly complied with SEQRA procedures" applicable to unlisted actions, and the negative declaration it made is supported by a rational basis in the record (Matter of Ellsworth v Town of Malta, 16 AD3d 948, 950 [2005]; see 6 NYCRR 617.7; Matter of Friends of Shawangunks, Inc. v Zoning Bd. of Appeals of Town of Gardiner, 56 AD3d 883, 884-885 [2008]).
As for the essence of the Planning Board's determination, the zoning code permits "[p]rivate or public recreation or playground area[s], golf club[s], country club[s], or other open recreation uses," but not "commercial facilities or amusement parks," as special uses in an A-R district (Code of the Town of Halfmoon § 165-9 [B] [4]). Fairways has held a special use permit authorizing it to operate a restaurant, bar and banquet house attendant to its golf club since the 1990s, and the time in which to challenge the propriety of those uses has long since expired. Fairways sought an amended site plan and special use permit that allowed for the operation of a brewpub as "an extension" of the bar and restaurant subject to its liquor license, albeit with an addition to make room for it. Fairways represented that its restaurant brewer's license limited retail sales of its beer to customers on site and that, although the amount brewed would be dictated by customer demand, it would not exceed 400 kegs of beer a year. Inasmuch as the clubhouse bar selling alcohol to customers is a permissible special use under the zoning code as an attendant use to a golf club, the Planning Board had no obligation to, sua sponte, refer the matter to the ZBA for a superfluous interpretation as to whether an affiliated brewpub making similar sales of its own beer at the same site under the same liquor license was a prohibited "commercial facilit[y]" (Code of the Town of Halfmoon § 165-9 [B] [4]; see Matter of Thorne v Village of Millbrook Planning Bd., 83 AD3d 723, 726 [2011], lv denied 17 NY3d 711 [2011]; Matter of East Moriches Prop. Owners' Assn., Inc. v Planning Bd. of Town of Brookhaven, 66 AD3d 895, 897 [2009]; see also Code of the Town of Halfmoon § 165-79 [A])[FN1]. The Planning Board conducted a review process in which it considered the factors set forth by the zoning code, and ultimately allowed the proposed brewpub with conditions intended to minimize its negative impact on neighbors and ensure that it would function as a permitted amenity of the golf club rather than a "stand alone business" (see Code of the Town of Halfmoon § 165-83). This was a rational determination "that the proposed project complied with any legislatively imposed conditions on an otherwise permitted use so as to warrant the issuance of a special use permit and site plan approval," and it will not be disturbed (Matter of Catskill Heritage Alliance, Inc. v Crossroads Ventures, LLC, 161 AD3d 1413, 1417 [2018] [internal quotation marks, brackets and citations omitted]; see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 195 [2002]).
As for that part of the appeal dealing with the determination of the ZBA, "[c]ourts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries . . . [and] an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [2012] [internal citation [*3]omitted]; see Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 576 [2014]). The challenged ZBA determination arose from a vague question, posed by Micklas to the Director, as to whether a generic brewpub could ever be built in an A-R zoning district "in accordance with the Town of Halfmoon Building Code." The Director replied that the building code did not speak to the proper location of a brewpub — adding that zoning questions regarding the siting of a specific building could be addressed by the Planning Board — and the ZBA agreed with his assessment. Inasmuch as the ZBA's determination had no connection to either the prior approval of the Fairways brewpub by the Planning Board or the building permit issued thereafter, addressing it would not have any "immediate and practical consequences" for the parties (Coleman v Daines, 19 NY3d at 1090). Thus, Supreme Court correctly declined to rule on it.
Garry, P.J., Egan Jr., Lynch and Rumsey, JJ., concur.
ORDERED that the appeal from the order is dismissed, without costs.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Petitioners additionally failed to request that the Planning Board seek an interpretation of the zoning code from the ZBA on this point and cannot be heard to argue about the absence of one now (see Matter of Harvey v Zoning Bd. of Appeals of the City of Kingston, 166 AD3d 1149, 1152 [2018]; Matter of Klingaman v Miller, 168 AD2d 856, 857-858 [1990]).