Williams v Mount Sinai Health Sys., Inc. (2024 NY Slip Op 05424)

Williams v Mount Sinai Health Sys., Inc.

2024 NY Slip Op 05424

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, Shulman, Michael, JJ. 

Index No. 160367/19 Appeal No. 2933 Case No. 2023-06575 

[*1]Dr. Arthur W. Williams, M.D., Plaintiff-Appellant,
v
Mount Sinai Health System, Inc., Defendant-Respondent.

Bergstein and Ullrich, New Paltz (Stephen Bergstein of counsel), for appellant.
Duane Morris LLP, New York (Kevin J. Fee of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about October 6, 2023, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Supreme Court properly granted defendant summary judgment dismissing the New York City Human Rights Law (City HRL) claim. It is undisputed that there is no direct evidence of racial animus, and that defendant offered "legitimate, nondiscriminatory reasons" for terminating plaintiff's employment and privileges (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]; see Administrative Code of City of NY § 8-107[1][a][2]).
Plaintiff failed to raise an issue of fact as to whether the proffered reasons were pretextual or whether defendant had mixed motives that included race discrimination (Forrest, 3 NY3d at 305; Melman v Montefiore Med. Ctr., 98 AD3d 107, 127 [1st Dept 2012]). Specifically, the April 2016 reprimand letter warned plaintiff that further lapses and failures in communication could lead to termination, and the evidence underpinning each incident cited in the subsequent termination letter supports the conclusion that plaintiff continued to engage in behavior that fell below the standards set in the prior letter. Plaintiff's performance reviews, for which he was given the second-lowest possible ratings, fail to support the claim of pretext as they are consistent with the termination letter detailing a history of underperformance. They also do not support the contention that plaintiff was more qualified than the other physicians who were promoted to chief of neurosurgery.
As for plaintiff's expert, the motion court aptly declined to consider his unsworn and unnotarized report as it lacked probative value (see Accardo v Metro-N. R.R.,103 AD3d 589, 589 [1st Dept 2013]; Bernhard v Bank of Montreal, 41 AD3d 180, 181 [1st Dept 2007]). The expert's report also fails to provide a basis for inferring pretext. Even if considered, the expert's opinions are unsupported given his lack of access to the full record of defendant's internal proceedings. At most, the expert's report reflects a difference of opinion in the quality of care that plaintiff provided (see Weinstock v Columbia University, 224 F3d 33, 46 [2d Cir 2000], cert denied 540 US 811 [2003]). That plaintiff disagrees with defendant's actions or believes that his behavior was justified does not raise an inference of pretext (see Forrest, 3 NY3d at 312).
Contrary to plaintiff's contention, any deviation from defendant's normal disciplinary procedures is insufficient to demonstrate pretext (see Banks v General Motors, LLC, 81 F4th 242, 274 [2d Cir 2023]). If anything, the formation of a committee to review plaintiff's treatment of three patients, after a quality assurance meeting, provided an extra layer of process before plaintiff was suspended pursuant to relevant by-laws.
There is also no evidence of a questionable sequence of events leading up to plaintiff's termination [*2]that would suggest pretextual motives (compare Mate v New York State Dept. of Transp., 24 AD3d 330, 331-332 [1st Dept 2005]). Plaintiff merely complains that the termination letter raised several prior incidents, some of which had not resulted in immediate discipline, in addition to the substandard care given to three patients which resulted in plaintiff being suspended pending further investigation. The hiring of the second comparator physician, who was offered employment a full six months prior to plaintiff's suspension, also does not indicate any questionable sequence of events.
Plaintiff further failed to raise triable issues of fact regarding his alleged disparate treatment compared to similarly situated physician employees (see generally Harrington v City of New York, 157 AD3d 582, 584 [1st Dept 2018]; compare Gordon v Bayrock Sapir Org. LLC, 161 AD3d 480, 481 [1st Dept 2018]). Plaintiff was given a chance to resign in lieu of further investigation and possible termination, which would have allowed him to continue working while searching for new employment. The two identified comparators were not similarly situated to plaintiff as both chose to resign.
Supreme Court correctly granted summary judgment dismissing plaintiff's claim under Public Health Law §§ 2801-b and 2801-c, by which he sought to enjoin the alleged improper termination of his employment and staff privileges (see Gelbard v Genesee Hosp., 87 NY2d 691, 696 [1996]). Initially, we note that the Public Health and Health Planning Council made no factual findings in its decision crediting plaintiff's allegations (see Matter of Cohoes Mem. Hosp. v Department of Health of State of N.Y., 48 NY2d 583, 588 [1979]; Public Health Law § 2801-b[3]). Further, the proffered reasons for termination "were reasonably related to the institutional concerns set forth in the statute, . . . based on the apparent facts as reasonably perceived by the administrators, and . . . assigned in good faith" (Fried v Straussman, 41 NY2d 376, 383 [1977]; see Matter of Fischer v Nyack Hosp., 140 AD3d 1264, 1266 [3d Dept 2016]). There is no "ulterior motive" evident in the record, which otherwise demonstrates that colleagues and hospital staff merely expressed serious concern over plaintiff's treatment decisions (Bhard-Waj v United Health Servs., Hosps., 303 AD2d 824, 825 [3d Dept 2003]; see also Matter of Tabrizi v Faxton-St. Luke's Health Care, 66 AD3d 1421, 1422 [4th Dept 2009], lv denied 13 NY3d 717 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024